McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00007 MCE |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| ANTHONY WEST, | DATE: April 2, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

This case is set for status on April 2, 2020. On March 16, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 2, 2020. Subsequently, the Court on its own motion continued the April 2 status conference to May 7, 2020. Dkt. 31.

2. By this stipulation, defendant now moves to continue the status conference until May 7, 2020, and to exclude time between April 2, 2020, and May 7, 2020, under Local Code T4 for the reasons

stated below. The parties further request that this Stipulation and Order vacate and supersede the Court's minute order filed on March 18, 2020, Dkt. 31, continuing the status conference.

3. The parties agree and stipulate, and request that the Court find the following:

a) On December 13, 2019, the defendant's previous attorney was relieved as counsel following a hearing before the Honorable Garland E. Burrell, Jr. Dkt. 23.

b) On December 16, 2019, Todd Leras was appointed as counsel for the defendant. Dkt. 25. Mr. Leras received the case file from defendant's previous counsel in January 2020.

c) On January 7, 2020, the Court set a status hearing for April 2, 2020, pursuant to the parties' filed stipulation. Dkt. 29 & 30.

d) On March 18, 2020, the Court on its own motion reset the April 2, 2020 status conference to May 7, 2020, and excluded time through May 7, 2020 under General Order 611. Dkt. 31.

e) The government has represented that the discovery associated with this case includes approximately 110 pages of investigative reports, search warrant applications and affidavits, and the defendant's criminal history information. In addition to these documents, the discovery also includes approximately 138 photographs from the execution of the search warrant in relation to this case, as well as several hours of video footage of interviews with the defendant. All of this discovery has been produced, or will be produced shortly, directly to the defendant's new counsel and/or made available for inspection and copying.

f) Due to the fact that counsel for the defendant has recently been appointed to the case, counsel for the defendant requires additional time to review the discovery that has been produced or made available, to review the case, to conduct investigation related to the charges, to conduct legal research regarding the charges and potential sentencing factors, to consult with his client regarding the case and potential resolutions, and to otherwise prepare for trial.

g) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h) The government does not object to the continuance.

1          i)      In addition to the public health concerns cited by General Order 611 and

2   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

3   this case because the defendant is detained pending trial, and defense counsel is currently unable

4   to visit confer with his client in the jail as a result of COVID-19.  Further, counsel for the

5   government has been encouraged to telework and minimize personal contact to the greatest

6   extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

7          j)      Based on the above-stated findings, the ends of justice served by continuing the

8   case as requested outweigh the interest of the public and the defendant in a trial within the

9   original date prescribed by the Speedy Trial Act.

10         k)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11  et seq., within which trial must commence, the time period of April 2, 2020 to May 7, 2020,

12  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

13  because it results from a continuance granted by the Court at defendant's request on the basis of

14  the Court's finding that the ends of justice served by taking such action outweigh the best interest

15  of the public and the defendant in a speedy trial.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 19, 2020                          McGREGOR W. SCOTT
                                                United States Attorney


                                                /s/ SHEA J. KENNY
                                                SHEA J. KENNY
                                                Assistant United States Attorney


Dated:  March 19, 2020                          /s/ TODD LERAS
                                                TODD LERAS
                                                Counsel for Defendant
                                                ANTHONY WEST


## ORDER

IT IS SO ORDERED.

DATED:  March 23, 2020



_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE