McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>                 v.<br><br>ANTHONY WEST,<br><br>                          Defendant. | CASE NO.  2:19-CR-00007 MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: May 7, 2020<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

This case is set for status on May 7, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on May 7, 2020. Subsequently, the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   Court on its own motion continued the May 7 status to June 4, 2020, pursuant to General Orders 611 and

2   617.  Dkt. No. 34.

3       2.      By this stipulation, defendant now moves to continue the status conference until June 4,

4   2020, and to exclude time between May 7, 2020, and June 4, 2020, under Local Code T4.  The parties

5   further request that this Stipulation and Order supersede the Court's minute order filed on April 22, 2020

6   (Dkt. No. 34), continuing that status conference.

7       3.      The parties agree and stipulate, and request that the Court find the following:

8           a)      On December 13, 2019, the defendant's previous attorney was relieved as counsel

9   following a hearing before the Honorable Garland E. Burrell, Jr.  Dkt. 23.

10          b)      On December 16, 2019, Todd Leras was appointed as counsel for the defendant.

11   Dkt. 25.  Mr. Leras received the case file from defendant's previous counsel in January 2020.

12          c)      On March 23, 2020, the Court set a status hearing for May 7, 2020, and excluded

13   time through that date, pursuant to the parties' filed stipulation.  Dkt. 33.

14          d)      On April 22, 2020, the Court on its own motion reset the May 7, 2020 status

15   conference to June 4, 2020, and excluded time through June 4, 2020 under General Orders 611

16   and 617.  Dkt. No. 34.

17          e)      The government has represented that the discovery associated with this case

18   includes approximately 110 pages of investigative reports, search warrant applications and

19   affidavits, and the defendant's criminal history information.  In addition to these documents, the

20   discovery also includes approximately 138 photographs from the execution of the search warrant

21   in relation to this case, as well as several hours of video footage of interviews with the defendant.

22   All of this discovery has been either produced directly to counsel and/or made available for

23   inspection and copying.

24          f)      Counsel for defendant desires additional time to review the discovery that has

25   been produced or made available, to review the case, to conduct investigation related to the

26   charges, to conduct legal research regarding the charges and potential sentencing factors, to

27   consult with his client regarding the case and potential resolutions, and to otherwise prepare for

28   trial.

g)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h)      The government does not object to the continuance.

i)      In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the defendant is in custody and defense counsel requires additional time to confer with his client regarding the above-described discovery, the government's plea offer, and general case strategy.  Defense counsel's ability to do so is limited by the COVID-19 pandemic.

j)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

k)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 7, 2020 to June 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4          IT IS SO STIPULATED.

5

6

7  Dated:  April 27, 2020                          McGREGOR W. SCOTT
                                                   United States Attorney

8

9                                                  /s/ SHEA J. KENNY
                                                   SHEA J. KENNY
10                                                 Assistant United States Attorney

11

12  Dated:  April 27, 2020                         /s/ TODD LERAS
                                                   TODD LERAS
13                                                 Counsel for Defendant
                                                   ANTHONY WEST

14

15                                **ORDER**

16          IT IS SO ORDERED.

17  Dated:  April 28, 2020

18

19                                                 MORRISON C. ENGLAND, JR.
20                                                 UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28