1    McGREGOR W. SCOTT
     United States Attorney
2    SHEA J. KENNY
     Assistant United States Attorney
3    501 I Street, Suite 10-100
     Sacramento, CA 95814
4    Telephone:  (916) 554-2700
     Facsimile:  (916) 554-2900
5

6    Attorneys for Plaintiff
     United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00007 MCE

12                        Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13               v.                         FINDINGS AND ORDER

14   ANTHONY WEST,                          DATE: December 3, 2020
                                            TIME: 10:00 a.m.
15                        Defendant.        COURT: Hon. Morrison C. England, Jr.

16

17          This case is set for status on December 3, 2020.  On May 13, 2020, this Court issued General

18   Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

19   Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

20   § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21   emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22   2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23   entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27   _____

28          [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
     request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
     will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

     STIPULATION REGARDING EXCLUDABLE TIME              1
     PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

2

for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on December 3, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until February 18, 2021, and to exclude time between December 3, 2020, and February 18, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      On December 13, 2019, the defendant's previous attorney was relieved as counsel following a hearing before the Honorable Garland E. Burrell, Jr.  Dkt. 23.

b)      On December 16, 2019, Todd Leras was appointed as counsel for the defendant. Dkt. 25.  Mr. Leras received the case file from defendant's previous counsel in January 2020.

c)      The government has represented that the discovery associated with this case includes approximately 110 pages of investigative reports, search warrant applications and affidavits, and the defendant's criminal history information.  In addition to these documents, the discovery also includes approximately 138 photographs from the execution of the search warrant in relation to this case, as well as several hours of video footage of interviews with the defendant. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

d)      Counsel for defendant desires additional time to review the discovery that has been produced or made available, to review the case, to conduct investigation related to the charges, to conduct legal research regarding the charges and potential sentencing factors, to consult with his client regarding the case and potential resolutions, including a plea offer made by the government, and to otherwise prepare for trial.

/ / /

/ / /

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the defendant is detained pending trial and defense counsel's ability to meet and confer with his client has been limited as a result of the pandemic and the social distancing guidelines promulgated by public health authorities.

h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 3, 2020 to February 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1       4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4        IT IS SO STIPULATED.

Dated:  November 24, 2020

> McGREGOR W. SCOTT
> United States Attorney
>
> /s/ SHEA J. KENNY
> _____
> SHEA J. KENNY
> Assistant United States Attorney

Dated:  November 24, 2020

> /s/ TODD LERAS
> _____
> TODD LERAS
> Counsel for Defendant
> ANTHONY WEST

## FINDINGS AND ORDER

IT IS SO ORDERED.

Dated:  November 26, 2020

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE